IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

COURTNEY A. ARMSTEAD                                                              PLAINTIFF

v.                                                                                  No. 2:10CV119-P-A

SHERIFF BILL RASCOE, ET AL.                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Courtney A. Armstead, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Armstead claims that the defendants have denied him access to the courts. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

The plaintiff alleges that Sheriff Bill Rascoe, Smith V. Murphy (prosecutor), and Circuit Court Judge Robert P. Chamberlin have conspired to deny the plaintiff's access to the courts. Armstead claims that the defendants' actions have deprived him of paper, flex pens, notary services, stamps, and stamped envelopes – as well as access to a legal research facility at the DeSoto County Jail. The plaintiff complains that these alleged deprivations have denied him a reasonable opportunity "to present claims violations of fundamental constitutional rights to the courts."

## Denial of Access

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328

(5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

Courtney Armstead has not shown any detriment to his legal position in any case. Indeed, he was able to file the instant suit – in which he was able to "to present claimed violations of fundamental constitutional rights to the courts." As Armstead's allegations do not rise to the level of a constitutional violation, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of September, 2010.

                                                            /s/ W. Allen Pepper, Jr.
                                                            W. ALLEN PEPPER, JR.
                                                            UNITED STATES DISTRICT JUDGE